IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VINCENT BARELA,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>TOM EDMUNSON,<br>　　　　　　　Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:11-cv-718 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

Plaintiff Vincent Barela is acting *pro se* and has filed a Complaint alleging violations of his constitutional rights surrounding a burglary of his home.  Barela has filed a Motion for Service of Process[1] and a Motion to Appoint Counsel.[2]  Plaintiff seeks $850.00 plus "pain, and suffering for life!"[3]  The Court recommends that Plaintiff's Complaint be dismissed and his remaining motions be deemed moot.

Pursuant to 28 U.S.C. § 1915, the court granted Plaintiff's motion to proceed in forma pauperis without the payment of fees.[4]  The provisions of § 1915 provide that the court "shall dismiss the case at any time if the court determines that – (B) the action or appeal – (ii) fails to state a claim on which relief may be granted"[5]  Because Plaintiff is appearing pro se, the court construes his pleadings liberally.[6]  Yet, even under this broad interpretation Plaintiff has failed to state a claim upon which relief may be granted.

---

[1] Docket no. 4.

[2] Docket no. 2.

[3] Complaint p. 6.

[4] Docket no. 3.

[5] 28 U.S.C. 1915(e)(2).

[6] *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1197 (10th Cir. 2003).

Plaintiff first fails to assert how this Court has jurisdiction over the matter. "Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress."[7] Plaintiff alleges jurisdiction is proper under 28 U.S.C. § 1404. This section, however, provides for the transferring of a case that is being heard in another district court and is inapplicable here.[8] Additionally, Plaintiff fails to set forth any other claims invoking the jurisdiction of this Court. The party seeking to invoke the jurisdiction of a federal court must prove that the case is within the court's subject matter and Plaintiff has failed to do so here.[9]

Finally, even if this Court were to presume that it somehow had jurisdiction, the facts as alleged in Plaintiff's Complaint concerning an attack, a burglary and having a lot headaches, fail to set forth a claim upon which relief may be granted. Dismissal would therefore be proper pursuant to 28 U.S.C. § 1915(e)(2)(ii). Moreover, there is no need in this instance to allow Plaintiff an opportunity to amend the Complaint because it is patently obvious that Plaintiff cannot prevail on the alleged facts. Thus, *sua sponte* dismissal of Plaintiff's Complaint is proper.[10]

## RECOMMENDATION

The undersigned therefore RECOMMENDS that this case be dismissed and the remaining motions be deemed moot.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within 14 days after

---

[7] *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994).

[8] *See* 28 U.S.C. § 1404.

[9] *See McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178 (1936); *Henry*, 43 F.3d at 512.

[10] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (noting that a court may dismiss *sua spone* "'when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'") (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991)).

being served with a copy.[11]  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this April 19, 2012.

Brooke C. Wells
United States Magistrate Judge

---

[11] *See* Fed. R. Civ. P. 72(b)(2).